IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY ROY KEETON,

    Plaintiff,                              CV F 05 0921 OWW WMW P

  vs.                                      ORDER DISMISSING COMPLAINT
                                          WITH LEAVE TO AMEND

J. KLARICH, et al.,

    Defendants.

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff, an inmate California Department of Corrections at California State Prison Sacramento, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Corcoran State Prison. Plaintiff names the following individual defendants: J. Klarich, M.D.; James Conroy, M.D.; Julian Kim, M.D. Plaintiff claims that he was subjected to inadequate medical care, such that it constituted cruel and unusual punishment in violation of the Eighth Amendment.

Prior to his transfer to Corcoran on August 11, 2004, Plaintiff was housed at the California Medical Facility at Vacaville. Plaintiff, a type I diabetic, was undergoing treatment for his diabetes while at Vacaville. Plaintiff was taking insulin shots "on a sliding scale,"

receiving diabetic sack lunches to help him with his "low blood sugar reactions," received "glucose gels," and moisturizing lotion to help plaintiff with cracked skin due to "large open wounds all over plaintiff's body."

Plaintiff alleges that after his transfer to Corcoran, "none of his treatment plan and medical care was followed on." Plaintiff alleges that he was not seen by a physician immediately upon his arrival at Corcoran, or was not seen by a specialist. Plaintiff alleges that he spent a month in the Security Housing Unit where it was more difficult to summon medical care in an emergency, and where he did not receive the glucose gels or diabetic sack lunches. Plaintiff contends that he could have gone into diabetic shock as a result of low blood sugar. Plaintiff alleges that his requests for medical care were not followed up on.

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Plaintiff has alleged facts indicating that he suffered from a serious medical condition. Plaintiff has not, however, charged the individual defendants with specific conduct indicating that they knew of Plaintiff's serious medical condition, and acted with deliberate indifference to that condition, resulting in injury to Plaintiff. Allegations of insufficient or inadequate medical care, of themselves, fail to state a claim for relief. Plaintiff must allege facts indicating that each of the named defendants knew of and disregarded a serious risk to Plaintiff's

health or safety, resulting in injury to Plaintiff.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   October 31, 2006**              **/s/  William M. Wunderlich**
mmkd34                                     UNITED STATES MAGISTRATE JUDGE